IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ALLEN MOORE,
    Plaintiff,

v.

EDGAR COUNTY SHERIFF'S
DEPARTMENT, *et al.*,
    Defendants.

Case No. 2:25-cv-02228-JEH

**Order**

    Plaintiff Allen Moore, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

    Plaintiff files suit against the Edgar County Sheriff's Department, the Paris Police Department, Sheriff Jeff Wood, detective Jenkins, police investigator Blake

Gough, police officers Justin Asbury, Chris Ray, and Jeffrey Martin, Viola Cooper, The Prairie Press, The Boathouse Johnny's Gone Fishing Web Site, Paris Beacon News.net, and author Robby Tucker.

Plaintiff alleges he was married to Defendant Viola Cooper. Before their divorce, Plaintiff alleges Defendant Cooper contacted Defendant Gough, a police investigator, and "conspired to create a 'witch hunt' that alleged Plaintiff . . . was in a sexual relationship with a minor." (Doc. 1 at p. 12).

Plaintiff alleges Defendant Cooper falsely told Defendant Gough that Plaintiff possessed child pornography, drugs, materials to make methamphetamine, guns, and ammunition. As a result, Plaintiff alleges Defendant Gough obtained a search warrant to search their residence in Paris, Illinois. The search was conducted on June 16, 2023. Plaintiff alleges he was taken to the Paris Police Department and detained.

Plaintiff alleges his personal property and home were damaged during the search. Plaintiff claims body camera footage shows Defendants Asbury, Ray, Jenkins, Gough, and Wood ramming Plaintiff's front door without warning when they arrived to conduct the search. Plaintiff alleges Defendants destroyed the door, frame, glass, and interior walls. Plaintiff also claims Defendants destroyed other doors, safes, cabinets, toolboxes, automobiles, and a camper because Defendant Sheriff Wood implemented a "custom or practice to destroy property without consulting with the accused, or hiring a respected locksmith to open cabinets, doors, and safes in correction with a search." (Doc. 1 at p. 8). Plaintiff also claims certain property, including cell phones, electronic equipment, and money, were seized during the search.

Additionally, Plaintiff attempts to assert a defamation claim against Defendants Cooper, Gough, and Tucker based on an article Defendant Tucker wrote and published on June 25, 2024, through the Prairie Press, the Boathouse

Johnny's Gone Fishing Web Site, and the Paris Beacon News. Plaintiff states the information in the article was untrue, as the charges against him were later dropped.

II

Plaintiff alleges Defendants Sheriff Wood, Jenkins, Gough, Asbury, Ray, and Martin violated his Fourth Amendment rights by damaging his personal property and residence and confiscating property during the execution of a search warrant on June 16, 2023. "[T]he Fourth and Fourteenth Amendments provide a remedy when a citizen's property is unreasonably damaged during a search." *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (citing *United States v. Ramirez*, 523 U.S. 65, 71 (1998) ("Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression.")). Plaintiff also attempts to assert a *Monell* claim based upon the Sheriff's alleged custom or practice to damage property during a search rather than consult with the property owner or a locksmith. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff's claims related to the search appear to be barred by the statute of limitations. "Claims brought under § 1983 are governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred. In Illinois the statute of limitations for personal-injury actions is two years from when the cause of action accrued, and a Fourth Amendment claim accrues at the time of the search or seizure." *Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016) (internal citations omitted). Plaintiff alleges the search occurred on June 16, 2023. Plaintiff did not file his Complaint until August 11, 2025, more than two years later.

Plaintiff attempts to bring a defamation claim against Defendants Gough, Cooper, Tucker, The Prairie Press, Paris Beacon News.net, and The Boathouse

3

Johnny's Gone Fishing Web Site based on an allegedly false article published on June 25, 2024. A defamation claim is not actionable under § 1983. *Smith v. City of Chi.*, 992 F. Supp. 1027 (N.D. Ill. Feb. 6, 1998). "[T]he Constitution does not forbid libel and slander." *Id.* (quoting *Davis v. City of Chi.*, 53 F.3d 801, 804 (7th Cir. 1995)); *see also Olivieri v. Rodriguez,* 122 F.3d 406, 408 (7th Cir. 1997) ("[D]efamation alone by a public officer is not a constitutional tort, because the interest that it invades, the interest in reputation, is not deemed liberty or property within the meaning of the due process clauses of the Constitution....") (citations omitted).

For these reasons, Plaintiff's Complaint must be dismissed for failure to state a claim. Out of an abundance of caution, the Court will give Plaintiff leave to file an Amended Complaint within thirty days from the entry of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

**1) According to the Court's merit review, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim, this matter will be dismissed with prejudice.**

**2) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and, if released from detention, Plaintiff's phone number. Failure to do so will result in dismissal of this case, with prejudice.**

*It is so ordered.*

Entered: October 7, 2025

s/Jonathan E. Hawley
U.S. District Judge